FRANCISCO SOTO MOLINA, Plaintiff and Appellee, *v.* PEDRO FELICIANO ET UX., Defendants and Appellants; JULIA A. BITHORN, Third Defendant and Appellee.

No. 11287. Submitted April 2, 1956.—Decided June 30, 1958.

*V. Polanco de Jesús* for appellant Mr. Feliciano. *Armindo Cadilla* for appellant Mrs. Bithorn. *Romany & Romany* for appellee and *Esteban Susoni Lens* for the third defendant and appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

By deed No. 267 executed on November 18, 1946, before Notary Jacobo Córdova Rivera, the Arecibo Housing Authority sold to Antonio Arana a lot situated in the ward of Tanamá, Arecibo. On February 12, 1947 the Puerto Rico Planning Board disapproved the sale of said lot and did not permit its segregation from a larger property belonging to the Arecibo Housing Authority. After applying for reconsideration on April 30, 1947, the Planning Board refused to reconsider its decision of February 12, 1947.

Subsequently to both decisions of the Board, on May 10, 1947 by deed No. 97 executed before Notary Jacobo Córdova Rivera, Antonio Arana and his wife Idalia González mortgaged the lot that they had supposedly acquired from the Arecibo Housing Authority, in favor of Francisco Soto Molina, married to Margarita Cintrón, for the amount of $4,000 as principal, plus interest at six per cent per annum and $250 for costs and attorney's fees in case of judicial action, its maturity date being May 10, 1948.

By deed No. 53 of February 21, 1948 Antonio Arana and his wife Idalia González sold to Rita Bithorn, wife of Pedro Feliciano, the lot that they had supposedly acquired from the Arecibo Housing Authority for the sum of $8,000 "of which amount the vendors leave in the hands of the purchaser Mrs. Bithorn, the sum of $4,000 to pay on its due date the mortgage in favor of Soto Molina." (Tr. 99.)

On February 14, 1949, the Arecibo Housing Authority adopted a resolution authorizing its president, Jacinto Pastrana, to (sic) "rescind" the contract that said Authority had entered with Mr. Arana, returning to him the purchase price of the lot, the price of a shed that said Mr. Arana had built thereon and certain expenses of refilling the lot. This rescission was made by deed No. 10 executed on February 21, 1949 before Notary Pedro E. Anglade. (Tr. 100–03, 114–18.)

By deed No. 4 executed on February 21, 1949 before Notary Pedro E. Anglade, Antonio Arana assisted by his wife Idalia González in turn rescinded the sale of said lot that he had made in favor of Rita Bithorn who, assisted by her husband Pedro Feliciano, accepted the rescission and received the amount of the price they had paid for the lot (Tr. 100–13). Needless to say, the notarial operations listed here were never recorded in the Registry of Property.

When the mortgage expired on May 10, 1948, the appellee herein required the spouses Pedro Feliciano and Rita Bithorn to pay the mortgage that Antonio Arana and his wife had constituted in appellee's favor.

The lower court entered judgment in favor of the plaintiff-appellee and the defendants-appellants appealed. They assigned four errors that can be consolidated into one.

The problem at hand is whether Pedro Feliciano and his wife Rita Bithorn are obliged to pay to Francisco Soto Molina and his wife the mortgage that Antonio Arana and his wife Idalia González constituted in favor of the latter. In his argument Francisco Soto Molina and his wife accept that such mortgage does not exist (Tr. 42), because the property over which the mortgage was constituted as well as the mortgage itself were not recorded in the Registry of Property. But they argue that Rita Bithorn having bound herself, in her own name and her husband's, to pay the debt owed by Arana and his wife to Soto and his wife,

such debt is converted from a real encumbrance into a personal obligation.

We do not agree. The sale of the Arecibo Housing Authority in favor of the Aranas as well as the sale of the Aranas to Rita Bithorn and her husband were void for failure to comply with § 24 of Act No. 213 of May 12, 1942, as amended by Act No. 155 of May 14, 1943, which were in force at the time of these sales. Section 4 of the Civil Code of Puerto Rico—31 L.P.R.A. § 4—provides that "acts executed contrary to the provisions of law are void except when the law preserves their validity." Since the mortgage in favor of Soto Molina was constituted on a lot of which neither the Arecibo Housing Authority nor the Aranas could dispose, such a mortgage is void: *Martínez* v. *Registrar*, 73 P.R.R. 205, 207 *et seq.* (Negrón Fernández, 1952).

█ The deed of sale is clear in the sense that Rita Bithorn agreed "to pay off the *mortgage* of Mr. Molina on its due date" as "part of the selling price" (Tr. 49–50). The debt if any, was not assumed as an independent indebtedness, separate from the sale. It is known that the assumption of debt, in order to free the former debtor, should be expressly stated— § § 1158 and 1162 of the Civil Code of Puerto Rico—(31 L.P.R.A. § § 3242 and 3246). If we reach the conclusion that a new contract was made between Soto Molina and Mrs. Bithorn, that is, a novation by expromission, there not existing any proof of any act of liberality that would lead us to suspect a donation, we would be dealing again with a void contract for lack of consideration —§ § 1213, 1226 and 1227 of the Civil Code of Puerto Rico (31 L.P.R.A., § § 3391, 3431 and 3432)—lacking all juridical effects regarding its transmissibility; *Guzmán* v. *Guzmán*, 78 P.R.R. 640, 644 (1955).

The judgment appealed from will be reversed and the complaint dismissed.